STATE of Missouri, ex rel. LICATA, INC., d/b/a Heart Mobile Village, Respondent,

v.

The PUBLIC SERVICE COMMISSION OF the STATE of Missouri, Respondent–Appellant,

and

The Kansas Power and Light Company, Inc., Appellant–Respondent.

Nos. WD 44324, WD 44488.

Missouri Court of Appeals, Western District.

March 10, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 28, 1992.

Application to Transfer Denied June 2, 1992.

Martin J. Bregman, Topeka, Kan., for Kansas Power and Light Co.

William M. Shansey, Jefferson City, for Missouri Public Service Commission.

Douglas E. Micheel and John B. Coffman, Jefferson City, Office of Public Counsel, for appellants.

Jeremiah D. Finnegan, Kansas City, for Licata, Inc., d/b/a Heart Mobile Village.

Before TURNAGE, P.J., and KENNEDY and BERREY, JJ.

TURNAGE, Presiding Judge.

Licata, Inc., filed a complaint with the Public Service Commission against The Kansas Power and Light Company, Inc., concerning gas service for the Heart Mobile Village operated by Licata in Kansas City. The Commission dismissed the complaint and on appeal to the circuit court, the court reversed the Commission's decision. On this appeal, the Commission, KPL, and Public Counsel contend that the court erred because the Commission's decision was correct and properly supported. Reversed and remanded.

Licata is the owner and operator of a mobile home court known as Heart Mobile Village which consists of approximately 425 mobile homes. Prior to April, 1988, Licata received all natural gas for itself and each mobile home from KPL through a master meter (that is, a single meter located at the point where the gas entered the Licata property). Licata resold the natural gas delivered by KPL to the master meter to each of its mobile home tenants through a distribution system and individual meters located at each mobile home. Licata owned the distribution system and the individual meters.

On May 14, 1985, Article 10 of KPL's General Terms and Conditions for Gas Service Tariffs became effective after approval by the PSC. This article sets out terms and conditions of gas service to Mobile Home Courts. Article 10 was approved by the PSC after notice to all mobile home court owners, including Licata, and a hearing in which some of the owners participated. Although Licata acknowledged notice of the hearing, it did not participate. Under Article 10 all mobile home court distribution systems were required to be brought into a safe condition according to KPL specifications in order to receive gas from KPL. Further, Article 10 required a mobile home court with a master meter installed prior to May 14, 1985, such as Licata, to provide meter set piping and space for individual meters to be placed at each mobile home pad by KPL. Article 10 further prohibited the resale of gas delivered to the master meter and provided that KPL would bill each mobile home for the gas delivered through its individual meter. If the master meter remained in place, the mobile home court owner would be billed for the difference between the sum of the individual meter usage and the master meter usage.

In June, 1986, KPL notified Licata that pursuant to Article 10 KPL was to install KPL meters for each of Licata's tenants by October 31, 1986, and that Licata would be responsible to provide the meter locations and piping required for each meter. Article 10 required Licata to pay the expenses for bringing its distribution system up to

KPL specifications and to provide the individual piping necessary for each pad meter. Article 10 provided for a refund to Licata over a period of time for its costs. KPL further advised Licata in June, 1987, that unless Licata had performed the necessary work for individual pad meters to be set by July 31, 1987, that KPL would be forced to discontinue gas service.

In December, 1987, and January, 1988, Licata installed an LP gas storage and aeration system capable of providing all of the gas requirements for the court.

In February, 1988, Licata requested KPL to enter into a contract for gas service to be supplied to Licata at KPL's Large Commercial Service (LCm) rate. This rate is available on an interruptible basis to customers whose gas requirements at a single address or location exceed 3,000 Mcf in any one month of a twelve month billing period. Licata's requirements, when the gas used by each mobile home was included, met the 3,000 Mcf requirement. Licata also requested KPL to provide transportation of gas owned by Licata pursuant to KPL's Interim Commercial Gas Transportation Service (LCTm) rate. This rate is available for transportation of natural gas owned by Large Commercial Service customers.

KPL denied Licata's request for natural gas service under the LCm rate on the ground that it could only serve Licata under Article 10 and that Licata was not in compliance with that Article.

KPL further stated that if Licata were in compliance with Article 10 its natural gas requirements would no longer reach the 3,000 Mcf minimum because KPL would be selling gas directly to Licata's tenants and Licata would only be purchasing the difference between the sum of the pad meters and the reading on the master meter.

In March, 1988, Licata filed a complaint against KPL with the PSC seeking an order to require KPL to sell Licata natural gas under the LCm tariff and to transport Licata's own natural gas under KPL's LCTm tariff.

When Licata refused compliance with Article 10, KPL terminated services to Licata in April, 1988, and has not provided gas service to Licata since that time. Licata now serves its tenants with LP gas.

In August, 1988, the PSC issued its Report and Order by which it dismissed Licata's complaint because Licata operated a mobile home court and it was subject to KPL's Article 10. Because Licata did not comply with Article 10, neither the LCm tariff nor the LCTm tariff would apply.

■ Although the circuit court reversed the order of the PSC, this court reviews the decision of the Commission and not the judgment of the circuit court. *State ex rel. City of St. Joseph v. Pub. Serv. Com'n,* 713 S.W.2d 593, 595[1] (Mo.App.1986).

■ Although denominated the respondent, Licata actually occupies the position of an appellant because it seeks to overturn the order of the PSC. Licata contends that the Commission's order finding that Licata could not qualify for LCm rates for natural gas because of Article 10 is unreasonable because Article 10 is unconstitutional and invalid as applied to Licata. Licata further contends that the order upholding KPL's refusal to provide transportation of Licata's own gas is unreasonable because Article 10 applies only to natural gas supplied by KPL and not to that owned by Licata and only transported by KPL.

Licata levels a number of constitutional arguments against Article 10, including due process, appropriation of private property for public use without the payment of just compensation, and the impairment of the obligation of contracts. It is not necessary to address these constitutional arguments because Article 10 was approved by order of the PSC in 1985. After notice was given to all mobile home court owners including Licata, and a hearing was held, the PSC issued its order approving Article 10 on the grounds of public safety in the operation of individual distribution systems and that it was for the protection of the individual mobile home tenants to be billed directly by KPL and to have their service governed by tariffs approved by the PSC. Licata does not dispute the fact that it was given notice of the hearing in which Article 10 was approved and does not dispute the

fact that several mobile home owners participated in such hearing. Nor does Licata contend that the PSC was without jurisdiction to approve Article 10. After the hearing Article 10 was specifically approved by the PSC in its order.

Section 386.550, RSMo 1986, provides: "In all collateral actions or proceedings the orders and decisions of the commission which have become final shall be conclusive." In *State ex rel. State Highway Com'n v. Conrad*, 310 S.W.2d 871, 876[4] (Mo.1958), the court stated that it had so frequently been held that orders of the PSC are not subject to collateral attack that the court was not required to elaborate on the effect and meaning of § 386.-550. In that case the court refused to entertain a collateral attack on an order of the Commission which had apportioned the costs of constructing a railroad crossing. The court held that § 386.510 provides the sole method of obtaining review of any final order of the commission.

If a statutory review of an order of the Commission is not successful, the order becomes final and cannot be attacked in a collateral proceeding. Here, there is no question that the order of the Commission by which Article 10 was approved became final; nor is there any question that Licata had notice of the proceeding in which Article 10 was considered and approved, and failed to participate in that hearing. Thus, Article 10 was approved with full notice to Licata and opportunity to be heard.

■ Licata contends that it is not attacking the order which the Commission made in 1985, but is simply attacking a utility rule approved by the Commission. Licata contends that the utility rule, Article 10, is not the order of the Commission but is simply a utility rule. However, Licata fails to note that the only purpose of the order of the Commission in 1985 was the approval of Article 10. Thus, it is impossible to separate Article 10 from the order of the Commission. When Licata attacks Article 10, it must necessarily attack the order which enabled KPL to adopt and enforce Article 10. By § 386.550, Licata cannot collaterally attack the order of the Commis-

sion by which Article 10 was adopted. For that reason Licata may not in this proceeding attack Article 10 but is bound by the requirements of Article 10.

Under Article 10 Licata is required to bring its distribution system up to the specifications of KPL. Licata admits that its distribution system does not meet KPL specifications and frankly states that it has no intention of bringing its system up to that requirement.

Because Licata cannot collaterally attack Article 10 in this proceeding, it must show that it is in compliance with Article 10 before it can have a valid complaint about the gas service. Having elected not to comply with Article 10, Licata has placed itself in the position that it cannot receive gas from KPL because its distribution system does not meet the safety requirements of KPL. Because Licata cannot receive gas from KPL, it cannot complain about the failure of KPL to sell it gas at the LCm rate.

■ Licata further contends that even if it cannot qualify for the LCm rate for the purchase of natural gas from KPL, it is nevertheless entitled to transportation of its own gas by KPL. The Commission found that the LCTm rate is only available to those customers who qualify as Large Commercial Customers under another KPL tariff which provides that "... this rate is applicable to natural gas transportation service supplied at one point of delivery to customers served under Company's gas rate schedule for Large Commercial Service." The Commission held that since Licata could not qualify as a Large Commercial Service customer because of its failure to bring its mobile home court distribution system into compliance with Article 10, that it was thereby precluded from purchasing gas at the LCm rate. Because the tariff just quoted restricts transportation service to LCm customers, Licata did not qualify for transportation service.

For the above reasons the order of the Commission dismissing Licata's complaint is lawful and reasonable and is supported by substantial and competent evidence.

The circuit court erroneously reversed the order of the Commission. The judgment of the circuit court is reversed and this cause is remanded to that court with directions to enter judgment affirming the Report and Order of the PSC dismissing the complaint of Licata against KPL.

All concur.

## ON MOTION FOR REHEARING OR TRANSFER

PER CURIAM.

 Licata has filed a motion for rehearing or to transfer on the ground that the opinion denies Licata the right to challenge the acts of KPL granted to it by § 386.390. Section 386.390 provides that a complaint may be made by any person setting forth any act or thing done or omitted to be done by any public utility in violation of any law or of any rule or decision of the Commission. Licata contends that its challenge to Article 10 was framed under that provision of the statute.

Licata did not complain that KPL had violated any provision of Article 10 but the complaint was an attack upon the validity of Article 10. The opinion held that when Article 10 had been approved by the Commission, § 386.550 prohibits a collateral attack on the order approving Article 10.

Licata contends that § 386.390 and § 386.550 are in conflict. Not so. Section 386.390 provides a mechanism for complaint if a utility is violating a law or rule of the Commission. Section 386.550 provides that final orders of the Commission are not subject to collateral attack. If a complaint is made that a utility is acting contrary to a law or Commission order, the validity of the order is not brought into question. On the other hand, if a complaint attacks the validity of a Commission rule, the question is not whether the utility violated the order, but whether the order is subject to attack.

In this case Licata only attacks the validity of Article 10. That is a proceeding which only determines whether or not Article 10 had been approved by a final order of the Commission. In this case it was

determined that Article 10 had been approved by a final order and was not subject to collateral attack. Thus, no issue under § 386.390 was presented on whether or not KPL had violated any of the terms of Article 10.

Section 386.390 and § 386.550 are not in conflict but address separate problems. Licata could have complained if it had felt KPL was violating Article 10. When it chose not to complain on that ground, but sought only to challenge the validity of Article 10, it brought a collateral attack on the order adopting Article 10 which had become final. Such attack is barred by § 386.550.

The motion for rehearing is overruled and the motion to transfer is denied.